## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ISIAH JAMES JONES, JR.** | § | **CIVIL ACTION NO. 17-5987** |
| **VERSUS** | § | **JUDGE CARL J. BARBIER** |
| **DELOACH MARINE SERVICES, LLC** | § | |

## PROPOSED JOINT PRE-TRIAL ORDER

**1.      PRE-TRIAL CONFERENCE**

The Pre-trial Conference in this matter is scheduled for May 17, 2018 at 4:30 p.m. before

the Honorable Judge Carl J. Barbier.

**2.      APPEARANCES OF COUNSEL**

Berney L. Strauss, LA Bar No.: 12527
Rhett E. King, LA Bar No.:23811
406 Magazine Street, Suite 300
New Orleans, Louisiana 70130
Telephone: 504-523-0033
Facsimile: 504-523-0109

Attorneys for Isiah James Jones, Jr.

William B. Schwartz, LA Bar No:  11854
Alex S. Aughtry, LA Bar No:  37019
1100 Poydras Street, Suite 3600
New Orleans, Louisiana  70163
Telephone:     504-569-2900
Facsimile:     504-569-2099

Attorneys for Deloach Marine Services, LLC.

**3.      DESCRIPTION OF THE PARTIES**

Plaintiff, Isiah James Jones, Jr., is a Jones Act seaman who was employed by defendant

Deloach Marine Services, LLC ("Deloach") and was injured on March 19, 2017.

1

Deloach Marine Services was the employer of the plaintiff who served as the senior or lead deckhand on board the ZELAND M. DELOACH, JR, a pushboat operated by the company, on March 19, 2017.

**4.      JURISDICTION**

Plaintiff was working as a seaman aboard a vessel in navigable waters when he was injured. The Court therefore has subject matter jurisdiction pursuant to the Jones Act, 46 U.S.C. sec. 30104, *et seq.*, and the general maritime law.  Subject matter jurisdiction is not contested.

Defendant does not contest jurisdiction.

**5.      PENDING MOTIONS**

Plaintiff's Motion to Strike Jury Demand is pending.  Defendant is researching this issue to determine whether the jury may be struck this late in the proceeding.  If the decision on the jury issue is reserved to plaintiff, defendant will advise the court it has no opposition.

Plaintiff anticipates filing a motion to exclude the testimony of Tim Anselmi.

Plaintiff  and defendant anticipate that motions in limine and/or other pertinent motions may be filed prior to trial.

**6.      SUMMARY OF MATERIAL FACTS**

**PLAINTIFF, ISIAH JONES:**

Plaintiff, Isiah Jones, is a twenty-nine-year-old resident of Baton Rouge, Louisiana, who had been employed by the Defendant, Deloach Marine Services, LLC, since December of 2010. Mr. Jones was employed as a deckhand aboard the Defendant's vessel, the M/V ZELAND M DELOACH.  His day rate was $185.00 and he worked a 28/14 schedule, working 28 days aboard the vessel followed by 14 days off of work.  While aboard the vessel he received free meals and

lodging.  Additionally, Mr. Jones received employment benefits such as health insurance.  By all accounts, Mr. Jones was an excellent and valued employee.

As a result of the unseaworthiness of the vessel and the negligence of his employer, Mr. Jones sustained a severe back injury while working for Defendant in the service of the M/V ZELAND M DELOACH on March 19, 2017.  Plaintiff and two co-workers, Hunter Alford and Dalton Book, were ordered by Capt. Williams to pump out water in the cargo compartment of a barge in the vessel's tow (Alford p. 23).   This operation entailed taking a jigger pump from the vessel onto the that barge (an approximately 600 foot distance) (Alford p. 20), setting up the pump and getting it started.  Because of the distance it needed to be carried, the crew opted to use the 2 inch pump rather than the heavier 3 inch pump (Alford p. 25).   Plaintiff's injury occurred as he and the crew attempted to start the jigger pump.   The pump is started by a pull cord much like a lawn mower.  Despite nearly twenty attempts to crank the pump by both Plaintiff and Mr. Alford, the pump would not crank (Alford p. 35-36, 39).  This was very unusual as the pump oridinarily cranks the first to the third time (Alford p. 39).  The crew radioed the Captain to relate that the pump would not start and to ask what to do (Alford p. 40).  The captain told them to "figure something out." (Alford p. 40).  Both men continued trading off on pulling on the cord to crank the pump and both were very tried.  (Alford p. 40).  As Isiah took his turn on the pump, as he pulled the cord (for the third time this go around), he was pulled by the pull cord back over the pump, injuring his back.  (Alford p. 41).   Mr. Jones couldn't move and Mr. Alford helped him sit down and then helped him walk back to the vessel (Alford p. 45, 46).  According to the incident report filled out by the Pilot Justin Johnson, Mr. Jones injury occurred because the "compression switch came up" when Mr. Jones was pulling on the start rope.  (Exhibit __).  This is consistent

with the testimony and handwritten statements of both Mr. Jones and Mr. Alford. (Exhibit  ).  Mr.

Jones left the vessel the next day and has been under doctor's care since that time.

Mr. Jones sustained a lumbar herniated disc at L5-S1 on the left side.  His treating

neurosurgeon, Dr. Najeeb Thomas, performed a laminectomy and discectomy at L5-S1 on August

16, 2017.  His treatment was authorized and funded by Defendant.  Mr. Jones has recuperated and

has had a good result from his surgery.  Dr. Thomas has assigned Mr. Jones permanent limitations,

he may lift up to 40lbs occasionally and up to 30 lbs routinely.  He should limit his stooping,

bending and crawling.  Based upon these restrictions, Mr. Jones is permanently disabled from his

marine work.  Mr. Jones was evaluated by Nancy Favaloro who has opined that in the future Mr.

Jones would be employable at jobs paying in the $9.00 to $12.00 an hour range.  Dr. Randy Rice

performed calculations based upon Mr. Jones pre-injury earnings and his expected future

employability and earning capacity.  Dr. Rice opines that Mr. Jones has a past wage loss of

$49,005.00, a future loss of earning capacity of $605,225.00 and loss of employment benefits of

$237,182.00.

**DEFENDANT:**

At all times pertinent to this matter, Isiah Jones was a well trained and knowledgeable

employee of Deloach Marine Services, LLC.  At the time of his claim of injury, he had been

employed with the company more than seven and one-half (7 ½) years.  He was the senior or lead

deckhand aboard the vessel, the M/V ZELAND M DELOACH.

One of the most common tasks required of a deckhand is the use of a diesel powered pump

to remove water from voids and tanks of the pushboat and barges.  The ZELAND M. DELOACH,

JR. was equipped with two such pumps, a two (2") inch and three inch pump.  Both are powered

by an air cooled diesel engine manufactured by Yanmar Marine.  The reason diesel is used versus

4

gasoline or electric pumps is one of safety.  Gasoline is too volatile a fuel source to be used in the marine environment.  And, an electric pump is too impractical because extension cords just do not reach the areas needed for the use of the pump.  In the mid-1980's, the introduction of these easy to start diesel engines by Yanmar, and others, made these engines ideal to mate with pumps for use in the inland towing industry.

The unique aspect of a diesel engine is that it does not use a spark plug to combust the fuel and drive the piston.  Instead, it works on compression.  The operation to start such an engine with a pull or recoil starter is similar to a gasoline engine but there are significant differences.  Instead of merely pulling on the recoil starter like the common lawn mower at home, there are several steps with a diesel.  Importantly, a decompression switch must be engaged to properly pull the recoil starter.

Not only was Isaiah Jones the senior or lead deckhand on the vessel, he had trained the fellow deckhands and eyewitnesses, Hunter Alford and Dalton Book, how to start these engines. Jones, Book and Alford will testify not only did the crew test this engine every single week to make sure it worked properly, it was so tested immediately on March 19, 2017 before the claim of injury.  Jones started it and found that it worked properly.  Further, following the claim of injury, the engine was again tested and it was found to work properly.  As a result, the only conclusion to reach is plaintiff himself failed to properly take the steps to start the engine.  This resulted in his claim of injury.

Since this claim of injury occurred while in service to the vessel, Deloach Marine has properly provided for Isaiah Jones and paid not only for his medical care and treatment, but also paid him maintenance and bi-monthly advances against his wages in an additional amount of over $500 (every two weeks).  It is respectfully submitted that these advances are a credit against any

recovery he might have.  However, it is also respectfully submitted that no recovery is available under these facts for negligence under the Jones Act nor for unseaworthiness under the general maritime law.

**7.     UNCONTESTED MATERIAL FACTS**

1.     Plaintiff was employed by Deloach as a deckhand/engineer working aboard the M/V ZELAND M DELOACH JR at the time of the incident in question.

2.     At the time of the accident in question, the M/V ZELAND M DELOACH JR was operating in navigable waters.

3.     Plaintiff is a Jones Act seaman.

4.     On March 19, 2017, Deloach owned and operated the M/V ZELAND M DELOACH JR.

5.     On March 19, 2017, Deloach employed plaintiff as a deckhand/engineer aboard the M/V ZELAND M DELOACH JR.

**8.     CONTESTED ISSUES OF FACT**

1.     Whether Defendant was negligent under the Jones Act.

2.     Whether the M/V ZELAND M DELOACH JR or its appurtenances was unseaworthy under General Maritime Law.

3.     The amount of Plaintiff's damages.

4.     Whether Plaintiff's injuries are related to his accident aboard the M/V ZELAND M DELOACH JR.

5.     Plaintiff's physical capabilities.

6.     Plaintiff's ability to return to specific types of work.

7.     Any issue inherent in the foregoing contested issues of fact.

8.     Whether the plaintiff was the only party at fault in causing his own injury

9.      Whether there was any defective condition of the diesel powered pump which plaintiff was operating at the time of his claim of injury

10.     Whether any action by any other member of the crew of the ZELAND M. DELOACH, JR was a cause of injury to plaintiff

11.     Whether any equipment failed to function as intended and which was a proximate cause of injury to plaintiff

12.     The cause of the claim of injury to Isaiah Jones

## 9.      CONTESTED ISSUES OF LAW

1.      All issues of law inherent in the foregoing issues of fact.

2.      The comparative fault of plaintiff in causing his own injuries

3.      Whether any action by any other crew member of the ZELAND M. DELOACH, JR was a cause of injury to the plaintiff

4.      Whether the plaintiff was the only party at fault in causing his own injury

5.      Whether there was any defective condition of the diesel powered pump which plaintiff was operating at the time of his claim of injury

6.      Whether any equipment failed to function as intended and which was a proximate cause of injury to plaintiff

7.      If plaintiff is entitled to damages, the offset or credit due to the advances paid by Deloach Marine

## 10.     EXHIBITS

**Plaintiff's exhibits to which defendant does not object.**

1.      Photographs of the pump in question

2.      Plaintiff's earning records with DELOACH;

3.      Plaintiff's personnel file from DELOACH;

4.      Any exhibit listed by DELOACH MARINE SERVICES, LLC.

**Plaintiff's exhibits to which defendant objects:**

1.      Plaintiff's medical and hospital records, including bills, from Southern Brain & Spine and Crescent City Surgical Centre;

2.      Plaintiff's tax documents for 2014-2016;

3.      Incident reports, including written incident statements, relating to Plaintiff's injury aboard the M/V ZELAND M DELOACH JR;

4.      Expert report and attachments of G. Randolph Rice;

5.      Expert report and attachments of Nancy Favaloro;

6.      Any medical records, including bills, pertaining to treatment provided to Plaintiff as a result of this incident, including but not limited to W.B.R. Family & Occupational Medicine Clinic, Philip G. Padgett, M.D., Total Occupational Medicine, Comprehensive Physical Therapy, Stewart Gross, M.D. and King's Daughters Hospital;

**Defendant's exhibits to which plaintiff does not object:**

a.    Photographs of the pump in question

b.    Plaintiff's earning records with Deloach Marine

c.    Plaintiff's personnel file with Deloach Marine

d.    Yanmar Operation Manual

e.    Yanmar Service Manual

f.    Occupational Injury/Illness Form

g.    Handwritten statement of Isaiah Jones, Jr.

    h.   Handwritten statement of Hunter Alford

    i.   Vessel logs of ZELAND M. DELOACH, JR

    j.   Seven Hour Plans for ZELAND M. DELOACH, JR

    k.   Documentation evidencing payment of advances against wages to Isaiah Jones, Jr. by Deloach Marine Services

    l.   The Yanmar diesel and pump involved in the alleged accident

**Defendant's exhibits to which plaintiff objects:**

    a.  videos of the pump in question

## 11.     DEPOSITION TESTIMONY

All parties reserve the right to use, in whole or in part, any deposition testimony for impeachment purposes or purposes allowed by the Federal Rules of Civil Procedure, including depositions for trial purposes should any of the witnesses heretofore deposed be unavailable for trial or beyond the subpoena power of this Honorable Court.

## 12.     LIST OF CHARTS, GRAPHS, ETC.

Plaintiff and defendants intend to use enlarged copies and/or electronically displayed copies of their listed exhibits.   All parties reserve the right to use a blackboard, photographs, sketches, charts, graphs, models, schematic diagrams, blow-ups of exhibits and/or similar objects in opening statements, witness interrogation, and/or closing arguments.

Deloach Marine will, with the Court's permission, bring the actual diesel engine and pump to the courtroom for the trial.  It is respectfully submitted this will be a critical piece of demonstrative evidence for consideration by the trier-of-fact and for use in examining the fact witnesses.

All parties will have available for inspection by the opposing party at least three full working days prior to trial any demonstrative exhibits, timelines, graphics or charts and, if there is

any objection as to their use, the dispute will be submitted to the Court at least one full working

day prior to trial in accordance with Section IX (12) (b) of this Court's Pre-Trial Notice.

**13.     WITNESSES**

**Plaintiff may call the following witnesses at trial:**

1.     Isiah James Jones, Jr., plaintiff herein;

2.     Captain Jim Williams, the facts of Plaintiff's employment and the incident in

       question aboard the M/V ZELAND M DELOACH, JR.;

3.     Pilot Justin Johnson regarding the facts of Plaintiff's employment and the incident

       in question aboard the M/V ZELAND M DELOACH, JR.;

4.     Dalton Book regarding the facts of the incident and his work and interaction with

       Plaintiff;

5.     Hunter Lemoine Alford regarding the facts of the incident and his work and

       interaction with Plaintiff;

6.     Frank Yoho regarding the facts of the incident and his interaction with the

       Plaintiff;

7.     DELOACH's safety representative, regarding safety aboard DELOACH vessels /

       safety training for its employees and the circumstances and facts of Plaintiff's

       incident;

8.     DELOACH's corporate representative regarding the Plaintiff's employment and

       his incident;

9.     Charles Hall, regarding Plaintiff's employment and Plaintiff's incident;

10.    Trenton Deloach regarding the investigation of Plaintiff's incident;

11.    Z. Dave Deloach regarding the investigation of Plaintiff's incident;

12.     G. Randolph Rice, forensic economist, to provide his expert opinions consistent with his previously provided expert report;

13.     Nancy Favaloro, vocational rehabilitation counselor, to provide her expert opinions consistent with her previously provided expert report;

14.     Najeeb Thomas, MD, Plaintiff's treating physician and neurosurgeon, to provide his expert medical opinions as Plaintiff's physician and surgeon relating to his treatment of the Plaintiff, causation of his injury, his prognosis and physical limitations;

15.     Adam Rashid, regarding the facts of the incident and the aftermath of the incident;

16.     Sarah Stell, to testify regarding Plaintiff's injury and how it has impacted his activities and enjoyment of life;

17.     Isiah James Jones, Sr., will testify regarding his knowledge of his son's physical activities and personality prior to and subsequent to Plaintiff's injury aboard the M/V ZELAND M DELOACH JR;

18.     Any witness listed by any other party;

19.     Any witness necessary to authenticate any of plaintiff's exhibits.

20.     Any witness identified through discovery which is ongoing.

**Defendant may call the following witnesses at trial:**

1.     Isiah James Jones, Jr., plaintiff herein;

2.     Captain Jim Williams, the facts of Plaintiff's employment and the incident in question aboard the M/V ZELAND M DELOACH, JR.;

3.     Pilot Justin Johnson regarding the facts of Plaintiff's employment and the incident in question aboard the M/V ZELAND M DELOACH, JR.;

4.      Dalton Book regarding the facts of the incident and his work and interaction with

Plaintiff;

5.      Hunter Lemoine Alford regarding the facts of the incident and his work and

interaction with Plaintiff;

6.      Frank Yoho regarding the facts of the incident and his interaction with the

Plaintiff;

7.      Charles Hall, regarding Plaintiff's employment and Plaintiff's incident;

8.      Trenton Deloach regarding the investigation of Plaintiff's incident;

9.      Z. Dave Deloach regarding the investigation of Plaintiff's incident;

10.     Tim Anselmi, Central Maritime expert on safety and marine operations

11.     Barney Hegwood, forensic expert in vocational rehabilitation to testify about

work capacities and earnings potential for plaintiff

12.     Dr. Kenneth Boudreaux, forsensic economist, to testify about any claims of past

wage loss or future earning capacity

The witness lists were filed in accordance with the Federal Rules of Civil Procedure and

prior court orders. In the case of expert witnesses, counsel for all parties certify that they have

exchanged expert reports in accordance with the Federal Rules of Civil Procedure and prior court

orders.

**14. JURY OR NON-JURY**

Plaintiff has filed a Motion to Strike Jury Demand in order to proceed without a jury under

the Court's admiralty 9(h) jurisdiction.

If a non-jury case, each party's proposed findings of fact and conclusions of law must be

submitted to chambers, not less than five working days prior to trial.

If a jury case, proposed jury instructions, special jury interrogatories, trial memoranda, and any special questions that the Court is asked to put to prospective jurors on voir dire shall be electronically filed with the Court not later than five full working days prior to the trial date, unless special leave to the contrary is granted by the Court.

## 15. DAMAGES

The issue of liability will not be tried separately from that of quantum.

## 16. OTHER MATTERS

There are no other matters which might expedite a disposition of the case at this time.

## 17.  TRIAL

The trial of this matter will commence on June 4, 2018 at 8:30 a.m. and is scheduled to last three (3) days.

## 18.  PRE-TRIAL ORDER

This pre-trial order has been formulated after conference at which counsel for the respective parties have appeared in person. Reasonable opportunity has been afforded counsel for corrections or additions, prior to signing. Hereinafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

## 19. SETTLEMENT

Possibility of settlement of this case was considered.  The parties anticipate meeting privately for settlement negotiations.

ORDERED, this _____ day of _____, 2018.

_____
UNITED STATES DISTRICT JUDGE

**STRAUSS & KING, APLC**

 */s/Rhett E. King*
_____
Berney L. Strauss, LA Bar No.: 12527
Rhett E. King, LA Bar No.:23811
406 Magazine Street, Suite 300
New Orleans, Louisiana 70130
Telephone: 504-523-0033
Facsimile: 504-523-0109
Email:  rhettking@straussandking.com
           berneylstrauss@yahoo.com
           clintmead@straussandking.com

COUNSEL FOR PLAINTIFF, ISIAH JAMES
JONES, JR.

*S/WILLIAM B. SCHWARTZ*
WILLIAM B. SCHWARTZ, (11854)
ALEX S. AUGHTRY (37019)
1100 POYDRAS STREET, SUITE 3600
NEW ORLEANS, LOUISIANA  70163
TELEPHONE:         504-569-2900
FACSIMILE:         504-569-2099
WSCHWARTZ@BHBMLAW.COM
AAUGHTRY@BHBMLAW.COM
**ATTORNEYS  FOR  DELOACH  MARINE
SERVICES, LLC.**

14

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was filed on this 15th day of May, 2018, with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.


*/s/Rhett E. King*